May it please the court, my name is Benjamin Stein, and I represent the petitioner in this immigration case. The petitioner made several arguments to the BIA that his 1996 deportation proceedings should be reopened upon an application of equitable tolling or through the agency's own sua sponte power. A three-member panel with one dissenting did not adjudicate his request for sua sponte reopening. While the motion was pending, the petitioner submitted a supplemental argument that he was no longer deportable for controlled substance. The BIA did not mention that request either. The BIA's failure to give any explanation is an abuse of discretion, which requires remand. Let me ask you a question. If I could get the government to agree that the 1996 removal order is invalid, is this case over? If the government would agree that the 1906 order is invalid and he's restored to his lawful permanent residence status. Well, just a minute, just a minute. It seems to me the notice up here suggests that he's still LPR status. Says that he got his status in December of 1991. That's what the notice to appear says. Doesn't say anything about the extinguishment of the status. All it says is that he had an LPR status in December 1991. The notice says he can assert any defenses that he has and do what he has to do. Seems to me your total argument in this case is there's a 1996 removal order out here, but we don't have a case saying it's void. So therefore, we've got to do something, court, to help me. But if I could get the government to say that the 1996 removal order is invalid and void, seems to me this case goes away quickly. If there's a legally binding stipulation that... No, if they get up and tell me it's void, it's going to be binding. Okay. Yes, so we're here because we get the 1996 deportation order. We want the deportation order to be... And I guess to the government, how much argument have we got to have? It seems to me like your argument is pretty simple. I'm going to void this 1996 removal order and it's over. So you're stipulating to invalidating the 1996 removal order and we can move to the When I reached out to the council before, I asked if they would stipulate to him being statutorily eligible to apply for 212C relief, which he would be, obviously, if he didn't have a 1996 removal order. Which he would be if he didn't have a 1996 removal order. And then the council refused, was unable to stipulate before. But there is, he says that he's got his LPR status and his notice to appear. That's what the government says. So it seems to me the 1996 removal order is the only thing that you've got to argue about. And if he's invalidating it, we ought to go to the next case. There's legal finding that the 1996 order is legally null, and it was legally null at its inception in 1996, and that he's been LPR this whole time, then we can move forward to the next case. Well, we can move forward to the next case. This is Judge Smith's 9th Circuit arbitration panel. This is my mediation stuff I used to do in Idaho all the time. All I was trying to say is I've got a big calendar here today. If I can get that done, I ought to do it. Well, I'll be quiet. You can make your argument. We did attach with our reply, this is what we want. I want my client to be restored to be LPR as if he never was LPR. Well then I think you got it. Usually when you get what you want. Okay. That's fine. I just want to point out that in the record there is a case, another case of Molina Pena, where the agency has maintained that because of the deportation that he can't apply for 212C relief. Well, but that's because they had an order. They don't have one. If they just get rid of it, that's that case. This case is over. Great. Take it, counsel. Take it. Well, I have not followed your dialogue, so maybe we could hear from the government. We'll certainly give you an opportunity, because I know you seem to have something else to say when your opponent said he, of course, wants to apply for 212C relief, and you sort of hesitated as to whether he could do that. This case, and that's what I was getting up to clarify earlier, the stipulation that was previously requested a few days ago was not as to whether or not the 1996 order remains valid, especially since this Court, again, granted the motion to dismiss, saying that that is not a final order of removal, given that DHS canceled the reinstatement thereof, and without a reinstatement, that order isn't enforceable. It has to be reinstated to be enforced. It's been executed, which is what's going on in Molina-Pena, but also in Molina-Pena, there was no reinstatement. His removal order was never reinstated, so it's procedurally slightly different. The stipulation, though, was as to his statutory eligibility to seek 212C, that he satisfied certain other prerequisites. There's prerequisites such as establishing the amount of time as a permanent resident versus a solid resident, in terms of adding up the time, the effect of his conviction, things like that. And that was the entire point of the argument raised in our opening brief, that this case is moot because he's getting exactly what he's asking for, the opportunity to pursue exactly that, whether or not he merits it as a . . . Well, not only that, but you also argued that he can apply for 212C relief, and that's all he needs. He can apply, yes. Not that he's eligible for it. I thought there was some other case in which an IJ used . . . you're going to have to help me, but I thought the reason this was not moot is because he was still going to run into problems being able to get 212C relief, unless something happened, and that happened in another case, and that's why he was still here. That is . . . Molina-Pena did involve some of that discussion, yes. This Court . . . he actually has two pending petitions to review, Molina-Pena does, two other pending petitions to review for, perhaps, the Court to resolve that question. In this case, given that DHS . . . again, the distinction between this case and Molina-Pena is that, first here, there was . . . or, excuse me, in Molina-Pena, there was no reinstated removal order. There's a prior removal order. It has not been reinstated. They started new proceedings. That had an effect, or is having an effect, his prior orders having an effect on those proceedings. How this Court wants to adjudicate that remains to be seen. As to this case, there is a prior order that was reinstated, and then that reinstatement was canceled. By operation of law, that's a non-final removal order, and he is currently in removal proceedings on a new notice to appear, charging him with removability based on his 1995 possession with intent to distribute conviction. And he has indicated his intent to apply for 212C. I believe he actually has filed that application. This is exactly what he asked for in his motion to reopen. He did not say anything before the agency about these continuing effect arguments. This is entirely new. That was raised for the first time in his reply brief. Again, if the Court wants the agency to address those here, the Court has a lot of options here. The first and best option is to find that this is moot, given that the government's interest in finality of removal proceedings, given that this case concluded in 1996 originally, and also the Court's interest in judicial efficiency, because there is an ongoing removal proceeding adjudicating all of this. If the Court wants to send this back, perhaps, to leave this open, that actually might be a detriment to the petitioner to say this isn't final. He has exactly what he's asked for. If there's a concern about the prior removal order, DHS's cancellation of the reinstatement operates as a matter of law by the statute. It cannot be enforced without reinstatement. DHS has plainly indicated it is not doing so, and is treating him as a lawful permanent resident, as Judge Smith pointed out in the notice to appear, and charging him with removability instead of inadmissibility. Two very different things. Okay. Well, I want to give Petitioner's Counsel a chance to respond. I think Judge Smith's dialogue has been helpful, but what I would be inclined to do, if you're saying that the government is receptive, is to send you all to our mediators so that you can work out something that we could then enter, because we're not in a position to do that up here right now. Are you saying that that's, you think there's a way that the two of you are going to be able to get together and give him 100% of the relief he's seeking? Because if not, then I think we need to hear from him, and hear the rest of his argument. 100% of what he's seeking, we can't do that, because he wants 212C relief, and the Justice Department can't grant him that. This Court should not grant him that. It perhaps could, but under the ordinary remand rule, the agency should be having the first opportunity to determine his statutory eligibility, and whether he merits it as a matter of discretion. Yeah. No, no, I'm not asking you to stipulate that he gets 212C relief. All he wants to be able to do is to have a clear shot at getting that relief totally freed from any baggage from the 96 removal. You don't need mediation to accomplish that. This part of the government, the Justice Department, doesn't need to be involved in what's already ongoing. Before the Executive Office of Immigration Review, he has a removal proceeding where they can determine his removability, his eligibility for 212C, any continuing effect of this prior order. Given that, right now, DHS has canceled the reinstatement thereof, there is no final removal order of 1996. Okay. Based on the notice to appear. Let's hear what Petitioner's Counsel has to say in response. What would you like us to do? Well, I would like my client, what I'm seeking from my client is the ability to apply for 212C relief as if he wasn't unlawfully deported in the first place. Canceling a reinstatement order is canceling a reinstatement order. He still has, I would love it for him not to have an underlying deportation order, but canceling the reinstatement doesn't mean that he doesn't have an underlying predicate removal order. That's what I want, is I want the predicate removal order from 1996 to be legally null as if it never occurred. Okay. But what I'm trying to figure out, you've come to us and said, what you initially came to us and said is that, hey, the BIA refused to reopen my original 1996 removal proceedings from way back. I want you to tell them that they must reopen those proceedings. And then you would presumably, all we would do is just say, please reopen, and then you would go back and fight it out with them, right? Yeah. So all I'm saying is, it's not clear to me that what you've heard from government counsel today is going to get you whatever it was you were hoping the BIA would ultimately give you. No, unfortunately, what I'm hearing from the government counsel today is not going to get me what I need, I don't think, because what I need is in order, I need the consequences and the 1996 deportation order either to be legally null or for it to go away and be reopened so he's returned to his LPR status. I'm not hearing that from the government. I'm hearing that the reinstatement order has been canceled, and so therefore they can't reinstate it again. But that's not the same thing as taking away the deportation order so that I can apply for, our ultimate goal is termination of proceedings. But I can't do that when he still has a 1996 deportation order that hasn't been reopened by the BIA. Right. So that's why, I mean, what the government wants us to do now is just simply dismiss this petition as moot, and I'm not certainly prepared to do that. It doesn't sound like they're willing to do anything else beyond that, and so I'm assuming you're not okay with that. Unfortunately, no, I have to represent my client's best interest, no, I can't be okay with that. That's what I thought. So what I then would ask you, in light of your dialogue with Judge Smith, do you want us to send this to our very skilled mediators to see if you can work out something with the government? It sounds like there's some receptivity to that, although I don't, I didn't quite understand the last part of the answer. I think, I want to be able to, I'm not opposed to trying to mediate, but I don't think when I hear what the government's saying, I don't see that we're going to reach a solution that restores my client to his lawful permanent status where he was in 1996. So that's all I have. Okay, well, do you, is there something more you want to say? You've still got time. On the merits of the petition that you've submitted to us. No, I think the abuse of discretion is clear on its face, and I don't think that the court needs to reach any of the other issues. They didn't explain their agency action, and I think remand is required on that basis. Okay. Thank you very much. Do you have anything else to say? If you do, yeah, please, please approach the left turn. If I may, on one of the crucial points as to this case that's overarching everything is the government's interest and the people's interest in finality. He was ordered, the petitioner was ordered removed in 1996, and a lot has obviously happened since then. The Supreme Court decided St. Cyr, for example, the petitioner illegally returned to the United States, and by illegally, that would be if any of us returns to the United States the way he did so, without seeking admission or inspection at the border. Whether or not, again, whether or not he's a lawful permanent resident, DHS is treating him as a lawful permanent resident, as explicitly stated in the notice to appear, so in terms of the effects of the 1996 removal order is having on him, that's, again, a moot point. But what the agency was doing here, what he called upon the immigration judge to do was to reopen his case, to apply equitable tolling, and to exercise sua sponte authority. The judge declined to do so because he waited too long, at least as affirmed by the board. He simply took way too long to do anything about his case. So as affects that portion of the case, to the extent it matters, given everything else that's already ongoing before the immigration judge, he failed to act with diligence, and this court's case was- I guess I don't, that's not my view. I'll just be candid with you. I think he did everything a lay person could be expected to. He was told repeatedly by lawyers who should know better, there's no hope for you. Go on about your business. There's nothing more for you to do. And it wasn't until very recently that he finally found a lawyer who competently advised him that actually there is something you can do. So I don't, that to me seems like there's diligence. A lot of lawyers are two lawyers. There was a second lawyer, his first lawyer, again, the District Court of Idaho found that he received ineffective assistance from counsel. Again, that's the question before the agency right now, whether or not that resulted in prejudice to him. A second counsel in 2007 advised him he was ineligible for 212C. Again, that's actually entirely, potentially reasonable, given all of the other circumstances that are being adjudicated before the agency right now as to his eligibility for the relief he's seeking, his LPR status, his SAW status, the effect of his conviction, the timing thereof, all these moving parts. From 2007 until he files his, or I guess he reenters again in 2010 and then seeks admission in 2010, both of those times he's removed, but he does nothing then. So why is, from 2007 to 2010 it's okay for him to do nothing, then he's actually subjected to the effects of his 1996 removal order again, does nothing then, waits another five years, he's found in the United States, and that's when he's found to have acted diligently because it's suddenly adjudicated because the government charges him with an invisibility, or a violation of 1326. Yeah, yeah, our cases, what our cases say is that when you go to a lawyer and you get advice and the lawyer says, it's hopeless, you're done, go on about your business, that unless there's some intervening event that alerts you to the fact that you got bad advice way back when, no, that's, there isn't anything you're expected to do, why would you be expected to do something? You don't know the law, you need some intervening event, and you have not, in your brief, pointed to a single intervening event in that entire stretch. Well there's two principles here, the intervening event, events actually, are his 2010 removals. At that time, he was being subjected to interactions with the government as to his removability. That would have been a good time for him to raise his voice. No, no, no, I'm talking about an intervening event that alerts you to the fact that the advice you got years before was erroneous. What event occurred here that alerted him to that fact? I'm not aware of any case that specifically cites the necessity of an intervening event per se, a change in the law or something of that nature, something, yes, but all of the cases describe that the actions by the alien to demonstrate diligence must be reasonable. And waiting this long simply isn't reasonable, that's exactly what they, what the immigration judge and the board held here, is they simply waited too long. Whether or not there were intervening events, St. Cyr was certainly an intervening event in 2001. Changes to board regulations, this court's adjudication regarding the SAW residency time Those are intervening events. Waiting from, at best, 2007 to 2015, that's another eight years. And is that reasonable, even absent an intervening event, setting aside that he interacted with the government two more times as to his removability? Again, if the court disagrees on the diligence point or anything else here, it's certainly within the court's authority to remand this to the agency. The best course would be to simply consolidate it with his ongoing proceedings, if the court has ongoing questions as to these issues. Should divorce this from Molina-Pena, given the distinction with reinstatement versus not. But why shouldn't we just find this moot? It seems to me, at the end of the day, I thought that's where we were headed. Yes. It should be. Well, but if it's moot, doesn't that vacate the initial order in and of itself as a legal matter? Yes. And right now, petitioner is suggesting, well, no, I still want section 212 relief, but we can't grant that here anyway. Correct, Your Honor. So, it seems to me that, I mean, we'll see what the panel wants to do, but if we just, you guys can either agree that it's moot and it's vacated, or we can rule that it's moot and vacated, and then he can bring up 212 relief in the new petition. I cannot stipulate that his 1996 removal order will have no effect whatsoever on his existing proceedings. What I can stipulate, too, is that right now... By the way, I'm not sure that you could, yeah, I don't think you could stipulate, I don't think we can bind a future panel to that kind of a stipulation anyway. Right. What I'm agreeing to is that by the operation of the notice to appear that DHS issued to him after canceling his prior notice to appear, which this court agreed with in dismissing the petition for review in 16-71806, I believe is the doc number, the prior docket for this case, or the prior petition for review, the subsequent notice to appear there treats him as a lawful permanent resident and charges him with removability. He is in removal proceedings. He has applied for and is pursuing 212C. That is exactly what he asked for the immigration court and the board to provide him. In the administrative record, pages 77 and 110, he seeks reopening to apply for 212C. That is exactly what he's got. Thus, this case is moot. Okay. Thank you, Your Honor. In fairness, if you have something else to say... This didn't turn out to be more efficient, perhaps. I caused you more trouble. That's why I've shut up ever since. I do. I mean, I do at one point. First of all, if the government wants this case to go away, they can stipulate to a motion to reopen. That's what I've asked them to do, and it has not been done. As far as what I'm asking for in this petition, I'm asking for judicial review of an order in 1996, an administratively final order, because unless that goes away and there can be no assurance that there's no consequences associated with that order, it's not moot. Well, but counsel, that's not for us to decide. I mean, I think you're asking us to do something we can't give you. If we say that this is moot, and it vacates that order, I mean, I think that's the most relief you can get at this point, and then you're stuck arguing later what the implication of that decision is. I'm unaware of a legal way that this 1996 order can be vacated absent reopening, and that's why it's not moot. That's why I thought you were here, exactly. So that's all. Unless there's more questions for the court. Okay. Thank you. Thank you. Well, thanks to both counsel very much. The case just argued is submitted.
judges: N.R. Smith, Watford, R. Nelson